## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| In re: | ) |
| | ) |
| | )  Case No. 23-00298-ELG |
| 2116 4th STREET LLC, | ) |
| | )  (Chapter 11) |
| Debtor. | ) |
| | ) |

### DEBTOR'S APPLICATION TO EMPLOY
### HIRSCHLER FLEISCHER AS BANKRUPTCY COUNSEL

2116 4th Street LLC, the debtor and debtor-in-possession in the above-captioned case (the "**Debtor**"), by proposed counsel, hereby files this application (the "**Application**"), for approval of its employment of Hirschler Fleischer ("**HF**") as its bankruptcy counsel effective as of October 17, 2023, and, in support hereof respectfully states as follows:

### Jurisdiction

1.      The Court has jurisdiction to consider this Application pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding under 28 U.S.C. § 157(b).

2.      The relief sought in this Application is based upon section 327(a) of title 11 of the United States Code (the "**Bankruptcy Code**").

### Background

3.      On October 17, 2023 (the "**Petition Date**"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code initiating this chapter 11 case (the "**Chapter 11 Case**").  The Debtor continues to manage its property and financial affairs as

---

Stephen E. Leach (DC Bar No. 925735)
Kristen E. Burgers (DC Bar No. 500674)
HIRSCHLER FLEISCHER, PC
1676 International Drive, Suite 1350
Tysons, Virginia 22102
Telephone:  (703) 584-8900
Facsimile:  (703) 584-8901
Email:  sleach@hirschlerlaw.com
        kburgers@hirschlerlaw.com

*Proposed Counsel to the Debtor*

debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No request

has been made for the appointment of a trustee or examiner, and no official committee of

creditors has been appointed in this Chapter 11 Case.

**A.     The Debtors**

4.      The Debtor was formed on June 14, 2021 for the purpose of owning and

managing a former row house located at 2116 4th Street NE, Washington, DC 20002 that had

been converted into a condominium building with three residential units and four parking units

(the "**4th Street Property**").  Prior to its conversion, the 4th Street Property was a private

residence owned by Andre Jean and Rosenie Thelus as tenants-by-the entirety since May 2014.

5.      315 West REAR St LLC ("**315 West REAR**") is affiliated with the Debtor.  315

West REAR owns real property located behind and across the alley from the 4th Street Property.

315 West REAR also filed a voluntary chapter 11 bankruptcy petition before this Court on

October 17, 2023 (Case No. 23-00299).  315 West REAR was formed by Mr. Jean and Ms.

Thelus in August 2019 as Eckington Court LLC.  In January 2022, Mr. Jean and Ms. Thelus filed

articles of amendment changing the name of Eckington Court, LLC, to 315 West REAR St LLC.

6.      The Debtor and 315 West REAR are both owned by Johannes Group LLC, a

Delaware limited liability company ("**Johannes Group**") formed by Ms. Thelus as sole member.

The current members of Johannes Group are Mr. Jean and his father-in-law, Michel Thelus.

**B.     The Properties**

7.      In the summer of 2019, a vacant lot with a storage shed located at 315 W REAR

Street NE, Washington, DC 20002 (the "**W Street Property**") was advertised for sale.  The W

Street Property is located behind and across the alley from the 4th Street Property.  It is zoned

residential, but has a commercial use because the former owner stored business inventory in the storage shed located on the W Street Property.

8.      Concerned about the W Street Property's proximity to his house (the 4th Street Property) and what a new purchaser might build on it, Mr. Jean and Ms. Thelus decided to purchase the W Street Property through 315 West REAR.

9.      In July 2019, a malfunction in a clothes dryer caused a house fire which left the 4th Street Property uninhabitable. Rather than rebuilding the 4th Street Property as a single family house, Mr. Jean and Ms. Thelus decided to convert the 4th Street Property into a three-unit condominium building.

10.      Due to the COVID-19 pandemic, the regulatory and permitting process for the 4th Street Property took longer than anticipated.  Similarly, the renovation and reconfiguration of the 4th Street Property took longer than expected due to labor and supply shortages and delay.

11.      In anticipation of obtaining financing to complete the redevelopment, in June 2021, Mr. Jean and Ms. Thelus formed the Debtor and transferred the 4th Street Property to the Debtor by deed of gift dated September 30, 2021.

12.      To finance the redevelopment of the 4th Street Property, on September 30, 2021, the Debtor obtained a loan in the original principal amount of $1,621,395 (the "**4th Street Loan**") from WCP Fund I, LLC ("**Lender**"), an affiliate of Washington Capital Partners.  The 4th Street Loan accrued interest at 8.5% per annum, and it was secured by a lien on all the Debtor's assets, including but not limited to the 4th Street Property.  The 4th Street Loan matured on September 30, 2022 and was cross-collateralized with the W Street Property. The 4th Street Loan was subject to two three-month extensions.

13.     To refinance the W Street Property, on September 30, 2021,  the Debtor and 315 West REAR also obtained a loan in the original principal amount of $225,000 (the "**W Street Loan**" and, together with the 4th Street Loan, the "**Loans**") from the Lender.  The W Street Loan accrued interest at 15% per annum, and it was secured by a lien on all the Debtor's and 315 West REAR's assets, including but not limited to the W Street Property.  The W Street Loan matured on September 30, 2022 and was cross-collateralized with the 4th Street Loan. 315 West REAR executed the Deed of Trust on the W Street Loan.[1]  The W Street Loan was subject to two three-month extensions.

14.     The redevelopment and rebuilding process took longer than expected due to labor and supply shortages, as well as permitting and use issues.  The Debtor exercised both three-month options to extend the Maturity Date of the Loans, so that after the extensions, both Loans matured on March 30, 2023.

15.     When the Loans matured in March 2023, the Debtor was unable to refinance the Loans because the redevelopment of the 4th Street Property not yet complete.  The Lender was aware of the delay in construction and verbally agreed to extend the maturity date of both Loans.

16.     In May of 2023, the Debtor and 315 West REAR executed Term Sheets with Black Label Capital ("**Black Label**"), whereby Black Label proposed to provide permanent financing for the 4th Street Property and construction financing for the W Street Property.  The Debtor and 315 West REAR completed the due diligence process with Black Street and approached the Lender for a payoff statement.

17.     In June 2023, the Debtor informed the Lender that Black Label wanted to close the new loans one week apart for its internal administration.  Even though Black Label agreed to defer recording its deed of trust until both new loans were closed, the Lender rejected the

---

[1] At some point, the Loans were transferred by Lender to SF NU, LLC.  Lender is now the servicer of the Loans.

financing and demanded that both new loans close contemporaneously.  Black Label then offered

to close both new loans within 3 days of each other, but again, the Lender rejected the

refinancing.

18.    Unable to close on the Black Label refinancing, the Debtor and 315 West REAR

went back to the marketplace.  Given the increase in interest rates and the reluctance of banks to

lend on commercial real estate, the Debtor and 315 West REAR had few options.

19.    In September  2023, the Lender commenced foreclosure actions.  It added late

fees and default interest to both Loans, thereby increasing the amount of the Loans by a

significant amount.  The foreclosure sales were scheduled to occur at 2:00 p.m. on October 17,

2023.  The Debtor had no choice but to file for bankruptcy to stop the foreclosure sales.

## **Retention of HF**

20.    The Debtor seeks to employ HF as its general bankruptcy counsel to represent it

in the Chapter 11 Case, effective as of the Petition Date.

21.    Section 327(a) of the Bankruptcy Code authorizes the trustee (or a debtor in

possession), with court approval, to employ attorneys and other professional persons "that do not

hold or represent an interest adverse to the estate, and that are disinterested persons, to represent

or assist the trustee in carrying out the trustee's duties under this title."  Section 328(a) of the

Bankruptcy Code permits the employment of a professional "on any reasonable terms and

conditions of employment, including on a retainer [or] on an hourly basis…."

22.    The Debtor seeks to retain HF as its bankruptcy counsel because of HF's

knowledge and experience in the field of bankruptcy and creditors' rights law.  HF attorneys

have represented numerous debtors in chapter 11 reorganization proceedings similar to the

Chapter 11 Case.  Moreover, HF attorneys have invested time to become familiar with the

Debtor's business, pending litigation, and current financial problems. For these reasons, the

Debtor believes that HF is well-qualified to represent it in the Chapter 11 Case.

23.    The employment of bankruptcy counsel is appropriate and necessary to enable the

Debtor to execute its duties as debtor and debtor-in-possession and to implement its restructuring

and reorganization. Subject to Court approval, the professional services that HF will render to

the Debtor may include, but shall not be limited to, the following:

   (a)    advising the Debtor with respect to local practice and procedure;

   (b)    advising the Debtor with respect to its powers and duties as debtor-in-possession in the continued operation of its businesses;

   (c)    attending meetings and negotiating with representatives of creditors and other parties-in-interest;

   (d)    taking necessary actions to protect and preserve the Debtor's estate, including the prosecution of actions on the Debtor's behalf, the defense of any actions commenced against the Debtor, and, where appropriate, objecting to claims filed against the Debtor's estate;

   (e)    assisting the Debtor in connection with preparing necessary motions, answers, applications, orders, reports, or other legal papers necessary to the administration of the estate, and appearing in Court on behalf of the Debtor in proceedings related thereto;

   (f)    assisting the Debtor in the preparation of a chapter 11 plan and disclosure statement, and in any other matters and proceedings in connection therewith, including attending court hearings;

   (g)    representing the Debtor in matters which may arise in connection with its business operations, financial and legal affairs, dealings with creditors and other parties-in-interest, sales, and other transactional matters, litigation matters and in any other matters which may arise during this case; and

   (h)    performing all other necessary legal services in connection with the prosecution of this Chapter 11 Case.

24.    To the best of the Debtor's knowledge, and except as set forth in the verified

statement of Kristen E. Burgers, attached hereto as Exhibit A (the "**Burgers Declaration**"), HF

has no connections with, or interests adverse to, the Debtor, its creditors, or any other party in interest, or its respective attorneys or accountants, the United States Trustee or any person employed in the Office of the United States Trustee, in any matter relating to the Debtor or its estate.

25.     As reflected in the Burgers Declaration, the Debtor believes HF to be a "disinterested person" as defined in section 101(14) of the Bankruptcy Code.

26.     The Debtor, subject to the provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and the local rules of this Court (the "**Local Bankruptcy Rules**"), proposes to pay HF its customary hourly rates for services rendered, as those rates may be adjusted from time to time, and to reimburse HF for its reasonable, necessary out-of-pocket expenses.  The current hourly rates for HF attorneys range from $300 for associates to $700 for senior partners.  My current hourly rate is $515.  The current hourly rate for Allison Klena is $340, and the current hourly rate for Stephen Leach is current hourly rate is $600.

27.     The Debtor acknowledges and understands that HF intends to apply to the Court for allowance of compensation and reimbursement of expenses in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Bankruptcy Rules for services performed and expenses incurred subsequent to the filing of this Chapter 11 Case.

*REMAINDER OF PAGE INTENTIONALLY BLANK*

- 7 -

WHEREFORE, the Debtor respectfully requests that the Court enter an order

(i) authorizing it to employ HF as its bankruptcy counsel on the terms set forth herein, and

(ii) granting it such other and further relief as may be appropriate.


Dated:  November 14, 2023                         Respectfully submitted,

                                                  */s/ Kristen E. Burgers*
                                                  Stephen E. Leach (DC Bar No. 925735)
                                                  Kristen E. Burgers (DC Bar No. 500674)
                                                  HIRSCHLER FLEISCHER, PC
                                                  1676 International Drive, Suite 1350
                                                  Tysons, Virginia 22102
                                                  Phone:  (703) 584-8900
                                                  Facsimile:  (703) 584-8901
                                                  Email:  sleach@hirschlerlaw.com
                                                          kburgers@hirschlerlaw.com

                                                  *Proposed Counsel to the Debtor*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 14th day of November , 2023, a copy of the foregoing Debtor's Application to Employ Hirschler Fleischer, PC as Bankruptcy Counsel, along with all attachments thereto, was served by operation of this Court's CM/ECF electronic case management system on all parties identified on the "ECF Service List" attached hereto as Exhibit 1; (ii) by first class U.S. mail, postage prepaid, on the parties identified on the "First Class Mail Service List" attached hereto as Exhibit 2.

*/s/ Kristen E. Burgers*
Kristen E. Burgers

# **EXHIBIT 1**

## **ECF SERVICE LIST**

**Electronic Mail Notice List** - Parties in the case only

- **Kristen S. Eustis**:                    Kristen.S.Eustis@usdoj.gov
- **Sara Kathryn Mayson**:              sara.kathryn.mayson@usdoj
- **Maurice B. VerStandig**:             mac@mbvesq.com

# EXHIBIT 2

## FIRST CLASS MAIL SERVICE LIST

DC Office of Tax and Revenue
PO Box 96165
Washington, DC 20090-6165

Internal Revenue Service
Centralized Insolvency Operations
PO Box 7346
Philadelphia, PA 19101-7346

Russell Drazin
Pardo & Drazin LLC
4400 Jennifer Street, NW, #2
Washington, DC 20015-2089

SF NU, LLC
8401 Greensboro Drive, Suite 960
McLean, VA 22102-5149

Victor Saeh
c/o Smith Seckman Reid, Inc.
900 Threadneedle Street
Ashford 7, Suite 600
Houston, TX 77079-2998

Granlan, LLC
10000 SW 231st Lane
Miami, FL 33190

Travelers
Obie Insurance Services, LLC
1134 West Hubbard St., Fl. 3
Chicago, IL 60642

WCP Fund I LLC
c/o Maurice B. VerStandig
The VerStandig Law Firm LLC
1452 W. Horizon Ridge Pkwy, #665
Henderson, NV 89012

U.S. Trustee for Region Four
U.S. Trustee's Office
1725 Duke Street, Suite 650
Alexandria, VA 22314

16603943.1  048852.00001