# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| In re: ) | |
| ) | Case No. 23-00299-ELG |
| 315 West REAR ST LLC, ) | |
| ) | (Chapter 11) |
| Debtor. ) | |
| ) | |

## VERIFIED STATEMENT OF KRISTEN E. BURGERS

Pursuant to Rule 2014(a) of the Federal Rules of Bankruptcy Procedure, I, Kristen E. Burgers, hereby make the following verified statement in support of the Debtor's Application to Employ Hirschler Fleischer, PC as Bankruptcy Counsel:

1.  I am a principal with the law firm of Hirschler Fleischer, PC ("**HF**"). I am an attorney licensed to practice law in the District of Columbia, State of Maryland and the Commonwealth of Virginia, and am a member of the bar of this Court, the United States District Court for the District of Columbia, the United States District Court for the Eastern District of Virginia, the United States Bankruptcy Court for the Western District of Virginia, the United States District Court for the District of Maryland, and of other state and federal courts.

2.  I submit this Verified Statement in support of the application (the "**Application**") of 315 West REAR St LLC, the debtor and debtor-in-possession herein (the "**Debtor**"), to employ HF as its bankruptcy counsel in this chapter 11 case (the "**Chapter 11 Case**").

3.  Unless otherwise stated, I have personal knowledge of the facts set forth herein.

4.  In connection with the proposed retention of HF, I have caused a review to be undertaken to determine any connections that HF has or may have had with the Debtor, its known creditors, and other parties in interest. In connection with that review, I have relied upon

information supplied by various HF employees who maintain the firm's computerized master client and conflicts database.

5. Based upon the review referenced in the foregoing paragraph, and to the best of my knowledge and belief, the undersigned and HF have no connections with the Debtor, creditors, or any other party interest, their respective attorneys and accountants, the United States trustee, or any person employed by the office of the United States trustee, except that I was engaged by WCP Fund I, LLC, 1Sharpe Opportunity Intermediary Trust, and DP Capital LLC. (the "**Companies**") to provide expert witness testimony (the "**Engagement**") with respect to the sale of certain litigation rights in the chapter 7 bankruptcy case captioned *In re ETS of Washington LLC*, Case No. 20-397-ELG (the "**ETS Bankruptcy**"), pending in the United States Bankruptcy Court for the District of Columbia. WCP Fund I, LLC (the "**Lender**") is the original lender in the Chapter 11 Case. At some point, the Lender transferred its interests in the Debtor's loans to SF NU, LLC. Lender is now the servicer of the loans.

6. As an expert witness, I testified as to the methodology of valuing litigation claims in bankruptcy and offered specific opinions as to the value of certain litigation claims which the chapter 7 trustee proposed to sell in the ETS bankruptcy. In that role, I did not gain any non-public information about the Lender or its business operations. I had no direct contact with the Lender and spoke only to its counsel, Mac Verstandig.

7. The engagement commenced on February 15, 2022, and the last services provided to the Companies occurred on March 16, 2022. The total amount billed to the Companies for the engagement was $10,525, which was paid in full in August 2022. I have done no other work for the Companies since that time.

8.  No promises have been received by HF, or by any principal, counsel, associate, or employee thereof, as to compensation in connection with the Chapter 11 Case other than in accordance with the provisions of the Bankruptcy Code.  HF has no agreement with any other entity to share with such entity any compensation received by HF in connection with the Chapter 11 Case.

9.  I believe HF to be a "disinterested person," as that term is defined in section 101(14) of the Bankruptcy Code, and eligible to serve as counsel for the Debtor.

10.  On October 17, 2023, in contemplation of the filing of this Chapter 11 Case, HF received a retainer in the amount of $10,000.00 from Andre Jean, the Debtor's representative.

11.  A portion of the retainer, in the amount of $1,648.00, was applied against HF's prepetition professional fees and costs, and $1,738.00 was used to pay the Court filing fee for the Chapter 11 Case.  As of the Petition Date, HF was holding unearned retainer funds in the amount of $6,614.00.  Subject to Court approval, this retainer will be applied toward the payment of fees, disbursements and expenses incurred in connection with the Chapter 11 Case.

12.  HF will update this Verified Statement and will make such supplemental disclosures as circumstances may require.

Pursuant to 11 U.S.C. § 1746, I verify under penalty of perjury that the foregoing is true and correct.

Dated: November 14, 2023    */s/ Kristen E. Burgers*
Kristen E. Burgers (DC Bar No. 500674)

16665127.1  048848.00001