# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| In re:<br><br>2116 4th STREET LLC,<br><br>    Debtor. | Case No. 23-00298-ELG<br><br>(Chapter 11) |
| In re:<br><br>315 WEST REAR ST LLC,<br><br>    Debtor. | Case No. 23-00299-ELG<br><br>(Chapter 11) |

## DEBTORS' MOTION FOR AUTHORIZATION
## TO OBTAIN POST-PETITION SECURED FINANCING

Pursuant to sections 364(c) and 364(e) of Title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 4001 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), 2116 4th Street LLC ("**2116 4th Street**") and 315 West REAR St LLC ("**315 West**"), each a debtor and debtor-in-possession in the above-captioned cases, as applicable (together, the "**Debtors**"), file this Motion (the "**Motion**") for entry of an order, substantially in the form attached hereto as <u>Exhibit A</u>, authorizing the Debtors to obtain post-petition financing (the "**Proposed Financing**") in the amount of $2,115,050, secured by their respective real property, from Black Label Capital, LLC (the "**Proposed Lender**") to refinance and pay in full the allowed secured claims of WCP Fund I, LLC ( the "**Current Lender**").  In support of this

---

Stephen E. Leach (DC Bar No. 925735)
Kristen E. Burgers (DC Bar No. 500674)
HIRSCHLER FLEISCHER, PC
1676 International Drive, Suite 1350
Tysons, Virginia 22102
Telephone:  (703) 584-8900
Facsimile:  (703) 584-8901
Email:  sleach@hirschlerlaw.com
       kburgers@hirschlerlaw.com

*Counsel to the Debtors*

Motion, the Debtors respectfully state as follows:

## Preliminary Statement

1.    By this Motion, the Debtors seek authorization to obtain post-petition secured financing which will allow the Debtors to pay in full the allowed secured claims of Current Lender. The Loans (as defined herein) held by the Current Lender have matured and are accruing default interest at the rate of 24% per annum. The Debtors have reached a settlement agreement with the Current Lender, whereby the Current Lender agreed to compromise its secured claims, provided that the Debtors can pay the Current Lender's allowed secured claims in full on or before March 8, 2024. The Proposed Financing is on the best terms the Debtors could obtain under the circumstances, and the Proposed Lender is willing to close quickly on the refinancing, which will allow the Debtors to consummate the settlement with the Current Lender. Absent access to the Proposed Financing, the Debtors will not be able to consummate the settlement of the Current Lender's secured claims, and such claims will revert to the full amount due and continue to accrue interest at the default rate, significantly impeding the Debtors' chances for a successful reorganization.

4.    For the reasons set forth herein, the Debtors submit that authorization to obtain the Proposed Financing is in the best interests of the Debtors and their creditors and estates and should be granted.

## Jurisdiction and Venue

5.    The Court has subject matter jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b) and may be determined by the Court. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

6.    The statutory predicates for the relief granted herein are sections 364(c) and 364(e), of the Bankruptcy Code and Rule 4001 of the Bankruptcy Rules.

**Summary of Key Terms Pursuant to Bankruptcy Rule 4001**

7.    In accordance with Bankruptcy Rule 4001, the following summarizes the significant terms of the Proposed Financing.[1] The Debtors believe that the following provisions of the Proposed Financing are justified and necessary in the context and circumstances of these Chapter 11 Cases (as defined herein).

| MATERIAL TERMS OF THE PROPOSED FINANCING ||
|---|---|
| **Borrowers** | 2116 4th Street LLC and 315 West REAR St LLC |
| **Proposed Lender** | Black Label Capital, LLC |
| **Proposed Amount** | $2,115,050 |
| **Proposed Documents** | The Proposed Financing shall be evidenced by standard loan documents, including, without limitation, a promissory note, deed of trust, assignment of leases and rents, and such other documents as Proposed Lender reasonably requests. |
| **Use of Proceeds/Cash Collateral** | The proceeds of the Proposed Financing shall be used to pay the allowed secured claims of Current Lender in the aggregate amount of $2,100,000, plus default interest in the amount of $1,228.86 per day, which is the per diem default rate of interest on both Loans, for each day commencing on February 16, 2024, through the day of closing on the refinancing of the Loans. |
| **Priority** | All Proposed Financing shall be secured by a first priority deed of trust on the Debtors' respective real properties. |
| **Closing Date** | No later than five days after the date of entry of the order authorizing the relief sought herein (the "**Post-Petition Financing Order**"), a form of which is attached hereto as Exhibit A. |

---

[1] The Proposed Financing has not yet been memorialized in proposed loan documents. The information on the Proposed Financing set forth in this Motion is based on the term sheets given to the Debtors by the Proposed Lender.

| MATERIAL TERMS OF THE PROPOSED FINANCING ||
|---|---|
| **Interest Rates** | The Proposed Financing shall bear interest at a rate of 12.99% per annum. |
| **Loan Fees** | The origination fee for the Proposed Financing is 3% of the loan amount. The broker fee for the Proposed Financing is 2% of the loan amount. |
| **Events of Default** | Events of Default include monetary and non-monetary (covenant) defaults. |
| **Collateral and Priority** | First priority deed of trust on the Debtors' respective real properties |
| **Waiver of Stay** | The Debtors request a waiver of any applicable stay as provided in the Bankruptcy Rules and providing for immediate effectiveness of the Order so that they can close on the Proposed Financing. |

## Background

8. On October 17, 2023 (the "**Petition Date**"), the Debtors each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code, thereby initiating their respective chapter 11 case (the "**Chapter 11 Cases**"). The Debtors continue to manage their respective property and financial affairs as debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request has been made for the appointment of a trustee or examiner, and no official committee of creditors has been appointed in these Chapter 11 Cases.

### A. The Debtors and the Properties

9. 2116 4th Street was formed on June 14, 2021 for the purpose of owning and managing a former row house located at 2116 4th Street NE, Washington, DC 20002 that had been converted into a condominium building with three residential units and four parking units (the "**4th Street Property**"). Prior to its conversion, the 4th Street Property was a private residence owned by Andre Jean and Rosenie Thelus as tenants-by-the entirety since May 2014.

10. 315 West is affiliated with 2116 4th Street. 315 West owns a vacant parcel of real property with a storage shed located at 315 W Street NE, Washington, DC 20002 (the "**W Street Property**"), which is situated behind and across the alley from the 4th Street Property.

11. The Debtors are both owned by Johannes Group LLC, a Delaware limited liability company ("**Johannes Group**") formed by Ms. Thelus as sole member. The current members of Johannes Group are Mr. Jean and his father-in-law, Michel Thelus.

**B.     The WCP Loans**

12. To finance the redevelopment of the 4th Street Property, on September 30, 2021, 2116 4th Street obtained a loan in the original principal amount of $1,621,395 (the "**4th Street Loan**") from the Current Lender. The 4th Street Loan accrued interest at 8.5% per annum, and it is secured by a lien on all of 2116 4th Street's assets, including but not limited to the 4th Street Property. The 4th Street Loan matured on September 30, 2022 and was cross-collateralized with the W Street Property.

13. To refinance the W Street Property, on September 30, 2021, 2116 4th Street and 315 West also obtained a loan in the original principal amount of $225,000 (the "**W Street Loan**" and, together with the 4th Street Loan, the "**Loans**") from the Current Lender. The W Street Loan accrued interest at 15% per annum, and it is secured by a lien on all of 2116 4th Street's and 315 West's assets, including but not limited to the W Street Property. The W Street Loan matured on September 30, 2022 and was cross-collateralized with the 4th Street Loan. 315 West executed the Deed of Trust on the W Street Loan.[2]

14. The redevelopment and rebuilding process took longer than expected due to labor and supply shortages, as well as permitting and use issues. When the Loans matured in March

---

[2] At some point, the Loans were transferred by Lender to SF NU, LLC. Lender is now the servicer of the Loans.

2023, the Debtors were unable to refinance the Loans because the redevelopment of the 4th Street Property not yet complete. The Current Lender was aware of the delay in construction, and it is the Debtors' understanding that the Current Lender verbally agreed to extend the maturity date of both Loans. The Current Lender denies that it granted an extension of the maturity date of the Loans.

15. In September 2023, the Current Lender commenced foreclosure actions. The Current Lender added late fees and default interest to both Loans, thereby increasing the amount of the Loans by a significant amount. The Debtors had no choice but to file for bankruptcy to stop the foreclosure sales.

16. As of the Petition Date, the outstanding balance of the 4th Street Loan was $2,120,609 (including interest, late fees, and penalties), and the outstanding balance of the W Street Loan was $279,194 (including interest, late fees, and penalties).

17. During the pendency of these Chapter 11 Cases, the Loans continue to accrue interest at the default rate of 24% per annum.

18. After good faith negotiations, the Debtors and the Current Lender have reached an agreement that resolves the Current Lender's claims against the Debtors, whereby (a) the Current Lender's claims will be allowed as a secured claim against 2116 4th Street in the amount of $1,621,395 and as a secured claim against 315 West in the amount of $478,605, such that the aggregate amount of the Current Lender's secured claims against the Debtors equals $2,100,000; (b) the Current Lender shall also have a secured claim against 315 West in the amount of $1,228.86 per day, which is the per diem default rate of interest on both Loans, for each day commencing on February 16, 2024 through the day of closing on the refinancing of the Loans and the payment in full of Current Lender's allowed claims; (c) the Debtors and the Current

Lender shall provide releases to one another; and (d) the Debtors are authorized and directed to pay the allowed secured claims of Lender immediately from the proceeds of the Proposed Financing (collectively, the "**Settlement**").[3] The Settlement shall only become effective if the Proposed Financing closes and the Current Lender's allowed secured claims are paid in full on or before March 8, 2024. If the Proposed Financing does not close and the Current Lender's allowed secured claims are not paid in full on or before March 8, 2024, the Settlement shall be deemed void and of no further effect.

19. The proposed Settlement represents a significant cost savings to the estates and avoids the costs and uncertainties of litigation with the Current Lender over the amount of its secured claims. It is critical to the success of the Debtors' reorganization efforts that the Court approve the Settlement and the Proposed Financing, so that the Settlement can be consummated and the Debtors' payment obligations to the Current Lender are significantly reduced.

## Relief Requested

20. By this Motion, the Debtors seeks entry on an order pursuant to sections 364(c), and 364(e) of the Bankruptcy Code and Rule 4001 of the Bankruptcy Rules, authorizing the Debtors to obtain the Proposed Financing secured by the 4th Street Property and the W Street Property from the Proposed Lender to refinance and pay in full the allowed secured claims of the Current Lender.

## Basis for Relief

**A**     **The Debtors Should Be Authorized to Obtain the Secured Post-Petition Financing Under Section 364(c) of the Bankruptcy Code**

21. The Debtors meet the requirements for relief under section 364(c) of the

---

[3] Contemporaneously herewith, the Debtors are filing a Joint Motion for Entry of an Order Approving Settlement Agreement Resolving the Secured Claims of WCP Fund I, LLC.

Bankruptcy Code, which permits a debtor to obtain secured post-petition financing. Specifically, section 364(c) of the Bankruptcy Code provides as follows:

> If the trustee is unable to obtain unsecured credit allowable under section 503(b)(1) of this title as an administrative expense, the court, after notice and a hearing, may authorize the obtaining of credit or the incurring of debt (1) with priority over any or all administrative expenses of the kind specified in section 503(b) or 507(b) of this title; (2) secured by a lien on property of the estate that is not otherwise subject to a lien; or (3) secured by a junior lien on property of the estate that is subject to a lien.

11 U.S.C. § 364(c).

22. The proceeds of the Proposed Financing would pay in full the allowed secured claims of the Current Lender under the terms of the Settlement. The Current Lender's secured claims are secured by the 4th Street Property and the W Street Property. Contemporaneously with the payment in full of its allowed secured claims, the Current Lender will release its liens on the 4th Street Property and the W Street Property, and the Proposed Lender will then have a first priority secured lien on both properties.

23. Provided that an agreement to obtain credit is consistent with the provisions of, and policies underlying, the Bankruptcy Code, courts grant a debtor considerable deference in exercising its sound business judgment in obtaining such credit. *See, e.g.*, *In re Barbara K. Enters., Inc.*, Case No. 08-11474, 2008 WL 2439649, at *14 (Bankr. S.D.N.Y. June 16, 2008) (explaining that courts defer to a debtor's business judgment "so long as a request for financing does not 'leverage the bankruptcy process' and unfairly cede control of the reorganization to one party in interest"); *In re Ames Dep't Stores, Inc.*, 115 B.R. 34, 40 (Bankr. S.D.N.Y. 1990) ("[C]ases consistently reflect that the court's discretion under section 364 [of the Bankruptcy Code] is to be utilized on grounds that permit [a debtor's] reasonable business judgment to be exercised so long as the financing agreement does not contain terms that leverage the bankruptcy process and powers

or its purpose is not so much to benefit the estate as it is to benefit a party-in-interest."); *In re Farmland Indus., Inc.*, 294 B.R. 855, 881 (Bankr. W.D. Mo. 2003) (noting that approval of post-petition financing requires, *inter alia*, an exercise of "sound and reasonable business judgment").

24. Further, in determining whether the Debtors have exercised sound business judgment in deciding to obtain the Proposed Financing, the Court may appropriately take into consideration non-economic benefits to the Debtors offered by the Proposed Financing, "such as the timing and certainty of closing, the impact on creditor constituencies and the likelihood of a successful reorganization." *In re ION Media Networks, Inc.*, Case No. 09-13125, 2009 WL 2902568, at *4 (Bankr. S.D.N.Y. July 6, 2009).

25. Courts generally will not second-guess a debtor's business decisions when those decisions involve "a business judgment made in good faith, upon a reasonable basis, and within the scope of [its] authority under the [Bankruptcy] Code." *Id.* at 513–14 (footnote omitted). To determine whether the business judgment test is met, "the court 'is required to examine whether a reasonable business person would make a similar decision under similar circumstances.'" *In re Dura Auto. Sys. Inc.*, Case No. 06-11202 (KJC), 2007 Bankr. LEXIS 2764, at *272 (Bankr. D. Del. Aug. 15, 2007) (quoting *In re Exide Techs., Inc.*, 340 B.R. 222, 239 (Bankr. D. Del. 2006)).

26. Here, given all the facts and circumstances present in these cases, the Debtors have satisfied the necessary conditions under sections 364(c) of the Bankruptcy Code for authority to enter into the Proposed Financing. The Loans have matured and are accruing interest at the default rate of 24% per annum. The Debtors exercised sound business judgment in securing the Proposed Financing on terms that are fair, reasonable, and the best available given the Debtors' current financial condition. Moreover, time is of the essence. The Proposed Lender is ready and willing to close on the Proposed Financing quickly. If the Debtor can close and pay the Current Lender's

Case 23-00299-ELG    Doc 46    Filed 02/28/24    Entered 02/28/24 13:27:46    Desc Main
Document    Page 10 of 14

secured claims in full on or before March 8, 2024, the Debtor will benefit from the significant compromise of the Current Lender's secured claims as set forth in the Settlement. For these reasons, the Court should grant the Debtors' request to enter into the Proposed Financing pursuant to section 364(c) of the Bankruptcy Code.

**B.    The Proposed Lender Should Be Deemed a Good Faith Lender under Section 364(e) of the Bankruptcy Code.**

35.    Section 364(e) of the Bankruptcy Code protects a good faith lender's right to collect on loans extended to a debtor, and its right in any lien securing those loans, even if the authority of the debtor to obtain such loans or grant such liens is later reversed or modified on appeal. Section 364(e) of the Bankruptcy Code provides that:

> The reversal or modification on appeal of an authorization under this section [364 of the Bankruptcy Code] to obtain credit or incur debt, or of a grant under this section of a priority or a lien, does not affect the validity of any debt so incurred, or any priority or lien so granted, to an entity that extended such credit in good faith, whether or not such entity knew of the pendency of the appeal, unless such authorization and the incurring of such debt, or the granting of such priority or lien, were stayed pending appeal.

11 U.S.C. § 364(e).

36.    As explained in detail herein, the Proposed Financing is the result of the Debtors' reasonable and informed determination that the Proposed Lender offered the most favorable terms on which to obtain needed post-petition financing, and of extended arm's-length, good faith negotiations between the Debtors and the Proposed Lender. The terms and conditions of the Proposed Financing are fair and reasonable, and the proceeds of the Proposed Financing will be used only for purposes that are set forth herein. Further, no consideration is being provided to any party to the Proposed Financing other than as described herein. Accordingly, the Court should find that the Proposed Lender is a "good faith" lender within the meaning of section 364(e) of the Bankruptcy Code, and is entitled to all of the protections afforded by that section.

- 10 -

**Request for Waiver of Stay**

44. The Debtors further seek a waiver of any stay of the effectiveness of the Order approving this Motion. Pursuant to Bankruptcy Rule 6004(h), "a[n] order authorizing the use, sale, or lease of property other than cash collateral is stayed until the expiration of 14 days after entry of the order, unless the court orders otherwise." As set forth above, time is of the Essence. The Debtors must close on the Proposed Financing and pay the Current Lender's allowed secured claims in full on or before March 8, 2024, in order to consummate the Settlement and benefit from a significant reduction in the Current Lender's secured claims. Accordingly, the Debtors submit that ample cause exists to justify a waiver of the 14-day stay imposed by Bankruptcy Rule 6004(h), to the extent it applies.

WHEREFORE, the Debtors respectfully request that the Court grant the relief requested herein and such other and further relief as is just and proper.

Dated: February 28, 2024

Respectfully submitted,

*/s/ Kristen E. Burgers*
Stephen E. Leach (DC Bar No. 925735)
Kristen E. Burgers (DC Bar No. 500674)
HIRSCHLER FLEISCHER, PC
1676 International Drive, Suite 1350
Tysons, Virginia 22102
Phone: (703) 584-8900
Facsimile: (703) 584-8901
Email: sleach@hirschlerlaw.com
kburgers@hirschlerlaw.com

*Counsel to the Debtors*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 28th day of February, 2024, a copy of the foregoing Motion for Authorization to Obtain Post-Petition Secured Financing, along with a proposed form of order, was served by operation of this Court's CM/ECF electronic case management system on all parties identified on the "ECF Service List" attached hereto as Exhibit 1; (ii) by first class U.S. mail, postage prepaid, on the parties identified on the "First Class Mail Service List" attached hereto as Exhibit 2.

                                                  */s/ Kristen E. Burgers*
                                                  Kristen E. Burgers

# **EXHIBIT 1**

## **ECF SERVICE LIST**

**Electronic Mail Notice List** - Parties in the case only

- **Kristen S. Eustis**:            Kristen.S.Eustis@usdoj.gov
- **Sara Kathryn Mayson**:   sara.kathryn.mayson@usdoj
- **Maurice B. VerStandig**:  mac@mbvesq.com

---

Stephen E. Leach (DC Bar No. 925735)
Kristen E. Burgers (DC Bar No. 500674)
HIRSCHLER FLEISCHER, PC
1676 International Drive, Suite 1350
Tysons, Virginia 22102
Telephone:  (703) 584-8900
Facsimile:  (703) 584-8901
Email:  sleach@hirschlerlaw.com
           kburgers@hirschlerlaw.com

*Counsel to the Debtors*

# EXHIBIT 2

## FIRST CLASS MAIL SERVICE LIST

| | | |
|---|---|---|
| DC Office of Tax and Revenue<br>PO Box 96165<br>Washington, DC 20090-6165 | Internal Revenue Service<br>Centralized Insolvency Operations<br>PO Box 7346<br>Philadelphia, PA 19101-7346 | U.S. Trustee for Region Four<br>U.S. Trustee's Office<br>1725 Duke Street, Suite 650<br>Alexandria, VA 22314 |
| Travelers<br>Obie Insurance Services, LLC<br>1134 West Hubbard St., Fl. 3<br>Chicago, IL 60642 | Victor Saeh<br>2414 Watts Street<br>Houston, TX 77030 | Granlan, LLC<br>10000 SW 231st Lane<br>Miami, FL 33190 |
| PHL Trust<br>10000 SW 231st Lane<br>Miami, FL 33190 | Thelan Inc.<br>P.O. Box 77304<br>Washington, DC 20013 | EKM Law PLLC<br>2 Massachusetts Ave., NE #76607<br>Washington, DC 20013 |
| Nueva Ideas Utilities<br>1921 East West Highway, Apt. 204<br>Silver Spring, MD 20910 | Zurich in North America<br>1299 Zurich Way<br>Schaumburg, IL 60196 | Securities & Exchange Commission<br>950 East Paces Ferry Road, NE<br>Suite 900<br>Atlanta, GA 30326-1382 |

---

Stephen E. Leach (DC Bar No. 925735)
Kristen E. Burgers (DC Bar No. 500674)
HIRSCHLER FLEISCHER, PC
1676 International Drive, Suite 1350
Tysons, Virginia 22102
Telephone: (703) 584-8900
Facsimile: (703) 584-8901
Email: sleach@hirschlerlaw.com
    kburgers@hirschlerlaw.com

*Counsel to the Debtors*