**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| In re:<br><br>2116 4th STREET LLC,<br><br>    Debtor. | Case No. 23-00298-ELG<br><br>(Chapter 11) |
| In re:<br><br>315 WEST REAR ST LLC,<br><br>    Debtor. | Case No. 23-00299-ELG<br><br>(Chapter 11) |

**ORDER AUTHORIZING THE DEBTORS TO OBTAIN
<u>POST-PETITION SECURED FINANCING</u>**

Stephen E. Leach (DC Bar No. 925735)
Kristen E. Burgers (DC Bar No. 500674)
HIRSCHLER FLEISCHER, PC
1676 International Drive, Suite 1350
Tysons, Virginia 22102
Telephone:  (703) 584-8900
Facsimile:  (703) 584-8901
Email:  sleach@hirschlerlaw.com
       kburgers@hirschlerlaw.com

*Counsel to the Debtors*

This matter came before the Court on the Motion for Authorization to Obtain Post-Petition Secured Financing (the "**Motion**") [Docket No. ___] pursuant to sections 364(c) and 364(e) of Title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 4001 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), filed by 2116 4th Street LLC ("**2116 4th Street**") and 315 West REAR St LLC ("**315 West** "), each a debtor and debtor-in-possession in the above-captioned cases, as applicable (together, the "**Debtors**"), whereby the Debtors seek authorization to obtain post-petition secured financing in the amount of $2,115,050, secured by their respective real property, from Black Label Capital, LLC (the "**Proposed Lender**") to refinance and pay in full the allowed secured claims of WCP Fund I, LLC ( the "**Current Lender**"); and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the relief requested in the Motion constituting a core proceeding under 28 U.S.C. §157(b); and venue being proper before this Court under 28 U.S.C. §§ 1408 and 1409; and notice of the Motion having been adequate and appropriate under the circumstances; and the Court having held a hearing on the Motion on _____, 2024 (the "**Hearing**"); and no objections having been filed; and the Court having determined that the relief sought in the Motion and at the Hearing is in the best interests of the Debtors, their creditors, and all parties in interest; and the Court having determined that the legal and factual bases set forth in the Motion establish just and sufficient cause for the relief granted herein in accordance with Rule 4001(c)(2) of the Federal Rules of Bankruptcy Procedure, and after due deliberation and sufficient cause appearing therefor,

A.   On October 17, 2023 (the "**Petition Date**"), the Debtors each filed with this Court a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

B.      The Debtors are entitled to possession of their property and to operate and manage their business as Debtors in possession under Bankruptcy Code sections 1107(a) and 1108. No trustee or official creditors' committee has been appointed in these Chapter 11 Cases.[1]

C.      The Court has jurisdiction over the Motion, and over the persons and property affected by the Motion under 28 U.S.C. §§ 157 and 1334. The matters raised in the Motion are a core proceeding under 28 U.S.C. § 157(b)(2)(M). Venue of the Debtors' respective cases is proper in this Court under 28 U.S.C. §§ 1408 and 1409.

D.      The Debtors provided notice of the Motion to (i) the Office of the United States Trustee, (ii) the Securities and Exchange Commission, (iii) the Current Lender, and (iv) all creditors identified on the schedules filed by each of the Debtors herein.

E.      2116 4th Street was formed on June 14, 2021 for the purpose of owning and managing a former row house located at 2116 4th Street NE, Washington, DC 20002 that had been converted into a condominium building with three residential units and four parking units (the "**4th Street Property**").

F.      315 West owns a vacant parcel of real property with a storage shed located at 315 W Street NE, Washington, DC 20002 (the "**W Street Property**"), which is situated behind and across the alley from the 4th Street Property.

G.      The 4th Street Property and the W Street Property are each encumbered by a Deed of Trust in favor of Current Lender.

H.      As of the Petition Date, the outstanding balance of the 4th Street Loan was $2,120,609 (including interest, late fees, and penalties), and the outstanding balance of the W Street Loan was $279,194 (including interest, late fees, and penalties).

---

[1] Capitalized terms used but not defined herein shall have the meaning ascribed to such term in the Motion.

I.  After good faith negotiations, the Debtors and the Current Lender have reached an agreement that resolves the Current Lender's claims against the Debtors, whereby (a) the Current Lender's claims will be allowed as a secured claim against 2116 4th Street in the amount of $1,621,395 and as a secured claim against 315 West in the amount of $478,605, such that the aggregate amount of the Current Lender's secured claims against the Debtors equals $2,100,000; (b) the Current Lender shall also have a secured claim against 315 West in the amount of $1,228.86 per day, which is the per diem default rate of interest on both Loans, for each day commencing on February 16, 2024 through the day of closing on the refinancing of the Loans and the payment in full of Current Lender's allowed secured claims; (c) the Debtors and the Current Lender shall provide releases to one another; and (d) the Debtors are authorized and directed to pay the allowed secured claims of Lender immediately from the proceeds of the Proposed Financing (collectively, the "**Settlement**"), all as set forth on the Joint Motion for Entry of an Order Approving Settlement Agreement Resolving the Secured Claims of WCP Fund I, LLC.  The Settlement shall only become effective if the Proposed Financing closes and the Current Lender's allowed secured claims are paid in full no later than March 8, 2024.

J.  The Debtors urgently require post-petition secured financing under Section 364 of Bankruptcy Code to refinance the Properties and pay in full the allowed Secured Claims of the Current Lender on or before March 8, 2024, in order to consummate the Settlement and benefit from the significant reduction in the Current Lender's secured claims under the terms of the Settlement.

K.  Good cause has been shown for entry of this Order.  Among other things, the entry of this Order will allow the Debtors to reduce the amount of the Current Lender's secured

claims through the Settlement, which is in the best interest of Debtors, the estate, and its creditors.

L.      The proposed terms of the Proposed Financing as set forth in the are fair and reasonable under the circumstances, are for reasonably equivalent value and fair consideration, and are in good faith as that term is used in Section 364(e) of Bankruptcy Code. Accordingly, the Proposed Lender, in advancing funds pursuant to this Order, is entitled to the protection provided in Section 364(e) of the Code.

M.      The Debtors will provide notice of this Order to the U.S. Trustee's office, all creditors holding secured claims of record who have an interest in the cash collateral of the Debtors, and all priority and general unsecured creditors in the Bankruptcy Cases, and such notice shall constitute sufficient "notice and a hearing," without the need for notification of any further entities under Section 102 of the Code and Bankruptcy Rules 2002 and 4001.

**NOW, THEREFORE, IT IS HEREBY ORDERED that:**

1.      The Motion is hereby granted.

2.      The Debtors are hereby authorized to borrow up to $2,115,050 from the Proposed Lender on a post-petition secured basis according to the terms in the Motion.

3.      The provisions of this Order shall be binding upon and inure to the benefit of the Current Lender, Proposed Lender, Debtors and their respective successors and assigns, including any trustees of Debtors in Chapter 11 or Chapter 7.

4.      If the Bankrupcty Cases are dismissed, the Proposed Lender's rights and remedies under this Order shall remain in full force and effect.

5.      This Court has considered and determined the matters addressed herein pursuant to its powers under Bankruptcy Code, including the power to authorize the Debtors to obtain

credit on the terms and conditions upon which Debtors and the Proposed Lender have agreed. Thus, each of such terms and conditions constitutes a part of the authorization under Section 364 of Bankruptcy Code, and is, therefore, subject to the protections contained in Section 364(e) of Bankruptcy Code except as otherwise provided herein.

6. The Debtors are authorized and directed to perform all acts, and execute and comply with the terms of such other documents, instruments and agreements that Proposed Lender may reasonably require and/or which may otherwise be deemed necessary by Proposed Lender to effectuate the terms and conditions of this Order.

7. No delay or failure to exercise any right, power or remedy accruing to the Proposed Lender upon breach or default by the Debtors under this Order or any document or agreement shall impair any such right, power or remedy of the Proposed Lender, nor shall it be construed to be a waiver of any such breach or default, nor of any breach or default theretofore or thereafter occurring, nor an acquiescence therein.

8. Consent to this Order may be given by counterparts and/or facsimile signatures.

9. Within three (3) business days after the entry of this Order, the Debtors shall serve a copy of this Order on all parties identified above as having been served with a copy of the Motion.

10. This Order and the relief authorized herein shall become effective immediately upon authorization and approval by the Court.

*REMAINDER OF PAGE INTENTIONALLY BLANK*

WE ASK FOR THIS:

*/s/ Kristen E. Burgers*
Kristen E. Burgers (DC Bar No. 500674)
Stephen E. Leach (DC Bar No. 925735)
HIRSCHLER FLEISCHER, PC
1676 International Drive, Suite 1350
Tysons, Virginia  22102
Telephone:     (703) 584-8900
Facsimile:      (703) 584-8901
Email:            kburgers@hirschlerlaw.com

*Counsel to the Debtors*


SEEN AND NO OBJECTION:

*/s/*
Sara-Kathryn Mayson (NC Bar No. 55280)
Office of the United States Trustee
1725 Duke Street, Suite 650
Alexandria, Virginia 22314


Copies to:

Stephen E. Leach, Esq.
Kristen E. Burgers, Esq.
HIRSCHLER FLEISCHER, PC
1676 International Drive, Suite 1350
Tysons, Virginia 22102

Maurice B. VerStandig
The VerStandig Law Firm LLC
1452 W. Horizon Ridge Pkwy, #665
Henderson, NV 89012

Sara-Kathryn Mayson
Office of the United States Trustee
1725 Duke Street, Suite 650
Alexandria, Virginia 22314

All attorneys who have entered an appearance and who are registered e-filers

All entities on the Court's mailing list

**END OF ORDER**

16963554.1  048852.00001