Maurice B. VerStandig, Esq.
Bar No. MD18071
The VerStandig Law Firm, LLC
1452 W. Horizon Ridge Pkwy, #665
Henderson, Nevada 89012
Phone: (301) 444-4600
Facsimile: (301) 444-4600
mac@mbvesq.com
*Counsel for WCP Fund I LLC*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re: | ) | Case No. 23-299-ELG |
| | ) | (Chapter 11) |
| 315 WEST REAR ST LLC | ) | |
| | ) | |
| Debtor. | ) | |

**MOTION (I) TO DETERMINE PLAN PROVIDES ADEQUATE INFORMATION; (II) SHORTEN TIME TO OBJECT TO—AND VOTE ON—PLAN OF REORGANZIATION; AND (II) TO HOLD CONFIRMATION HEARING**

Comes now WCP Fund I LLC ("WCP," the "Secured Creditor," or the "Plan Proponent"), by and through undersigned counsel, pursuant to Section 1125(f) of Title 11 of the United States Code, and moves this Honorable Court to (i) determine that the plan of reorganization (the "Plan," as found at DE #96) filed by WCP provides adequate information and that a disclosure statement is not necessary; (ii) shorten the time for plan objections and balloting; and (ii) hold a confirmation hearing, on the Plan, and in support thereof states as follows:

**I.      Introduction**

There are three parties to this case: (i) 315 West Rear St LLC (the "Debtor"); (ii) WCP; and (iii) the DC Office of Tax and Revenue. With the Debtor's consent, WCP has, of even date herewith, docketed the Plan, which provides for (i) WCP to obtain the Debtor's real estate; (ii) the DC Office of Tax and Revenue to be paid, in full, on the effective date; and (iii) the Debtor's

equity interests to receive various monies from a related bankruptcy estate. Of the three parties in interest, two support the Plan and one is getting paid in full. And this accordingly creates a prism whereby the drafting and docketing of a disclosure statement would do little to advance the interests of justice or to promote the ends contemplated by Title 11 of the United States Code (the "Bankruptcy Code").

## II.    Standard

The Bankruptcy Code allows, *inter alia*, "the court may determine that the plan itself provides adequate information and that a separate disclosure statement is not necessary." 11 U.S.C. § 1125(f)(1).

## III.    Argument: The Plan Provides Adequate Information

The Plan in this case is astonishingly simple in form: (i) the Debtor is giving its sole asset to WCP; (ii) WCP is paying any real estate taxes due to the District of Columbia; and (iii) the Debtor's equity interest is receiving some funds from a related bankruptcy estate that would otherwise inure to the benefit of WCP. No liquidating trust is being formed, no third party releases are being granted, and no new entity is being formed to house the post-confirmation assets of a reorganized debtor.

Insofar as the District of Columbia is being paid, in full, on the effective date of the Plan, that entity's interests are more than adequately protected. The District of Columbia is not entitled to vote on the Plan in any event, insofar as it is an unimpaired creditor. And there is thusly no cognizable utility in sending the District of Columbia a disclosure statement.

This leaves only the Debtor and WCP, which are the two parties that have negotiated the Plan. Both are represented by counsel who have actively participated in the administration of this case and who regularly appear before this Honorable Court. Both are sophisticated parties. And both fully understand what they are—and are not—receiving under the Plan.

2

If ever there were a case where the provisions of Section 1125(f)(1) would seem applicable, it is this case. The drafting and docketing of a disclosure statement will advance no cognizable interest other than the incursion of legal fees and the promotion of delay. And it is accordingly respectfully urged that this Honorable Court dispense with the formality of a disclosure statement *sub judice*.

**IV.    Argument: Objections and Balloting Can be Handled on an Expedited Basis**

WCP is the only party entitled to vote on confirmation of the Plan. Given that WCP is the Plan Proponent, it would seem there exists a better-than-not chance WCP is both prepared to cast that ballot without delay and already cognizant of how that ballot is likely to be cast. So there does not exist any need for a four week consideration window to envelope WCP's balloting.

Similarly, the only other parties in interest are the District of Columbia—which, as noted *passim*, is being paid in full on the effective date of the Plan—and the Debtor. The Debtor negotiated the provisions of the Plan with WCP and, as such, seems unlikely to object thereto. The District of Columbia is certainly free to cast an objection to confirmation but, given its unimpaired status, seems unlikely to do so.

In short, while *some* period of time is appropriate for consideration of the Plan and the casting of any objections, the time period can—and should—be shortened in the interests of promoting case finality. WCP proposes that a confirmation hearing be held on April 16, 2025—a date more than four weeks henceforth—with ballots and objections being due one week prior. Such will allow sufficient time for consideration of a rather simple plan and, equally, an expeditious resolution to this case.

3

## V.  Conclusion

WHEREFORE, WCP respectfully prays this Honorable Court (i) find a disclosure statement is not necessary in connection with the Plan; (ii) shorten the time for parties to object to confirmation of the Plan, and to cast ballots thereupon, to April 9, 2025; (iii) schedule a hearing on confirmation of the Plan, for April 16, 2025 at 11:00 am prevailing eastern time; and (iv) afford such other and further relief as may be just and proper.

Respectfully submitted,

Dated: March 18, 2025

By: /s/ Maurice B. VerStandig
Maurice B. VerStandig, Esq.
Bar No. MD18071
The VerStandig Law Firm, LLC
9812 Falls Road, #114-160
Potomac, Maryland 20854
Phone: (301) 444-4600
Facsimile: (301) 444-4600
mac@mbvesq.com
*Counsel for WCP Fund I LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 18th day of March, 2025, a copy of the foregoing was served electronically upon filing via the ECF system.

/s/ Maurice B. VerStandig
Maurice B. VerStandig

4