Office of the United States Trustee
Katharine I. Toledo
Trial Attorney
Office of United States Trustee
1725 Duke Street, Suite 650
Alexandria, VA 22314
(202) 603-5203 (Office Cell)
katharine.i.toledo@usdoj.gov

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **In re:** | |
| **315 West Rear St LLC,** | **Case No. 23-00299-ELG** |
| **Debtor.** | **Chapter 11** |

**U.S. TRUSTEE'S MOTION TO DISMISS CHAPTER 11 CASE**

Matthew W. Cheney, Acting United States Trustee for Region 4, by counsel, moves this Court to dismiss the above-captioned case.

In support of this motion the following representations are made:

1.     The Court has authority to hear and decide this matter. 28 U.S.C. § 1334.

2.     This is a core matter. 28 U.S.C. § 157(b)(2)(A).

3.     On October 17, 2023, the Debtor filed a petition for relief under chapter 11 of the Bankruptcy Code. Docket No. 1.

4.     On September 29, 2025, this Court entered an Order Confirming Chapter 11 Plan of Reorganization. Docket No. 112.

5.     The Bankruptcy Code at 11 U.S.C. § 1112(b)(1) provides that when a movant establishes cause, the Court shall either convert to chapter 7 or dismiss a case filed under this chapter based on whichever is in the best interests of creditors and the estate.

6.      The Debtor has failed to file quarterly post-confirmation reports for the fourth quarter of 2025 and the first quarter of 2026.[1]

7.      The Debtor has also failed to pay the fees due to the U.S. Trustee's office in the total amount of $1,500.00 as of the date of the filing of this Motion. This amount could be higher based on disbursement amounts to be listed in the as-yet unfiled delinquent post confirmation reports mentioned above.

**<u>Argument</u>**

Section 1112 of the Bankruptcy Code governs conversion or dismissal of Chapter 11 cases. Section 1112(b)(1) provides in relevant part: "on request of a party in interest, and after notice and a hearing, …the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate", if the movant establishes cause. 11 U.S.C. § 1112(b)(1).  Once a movant has established cause, the Court must exercise its discretion to determine which action – conversion or dismissal – best suits the circumstances of the case. *Rollex Corp. v. Associated Materials, Inc.* (*In re Superior Siding & Window, Inc.*), 14 F.3d 240, 242 (4th Cir. 1994). *See also In re Sydnor*, 431 B.R. 584, 590 (Bankr. D. Md. 2010) (After cause is established, the "court must dismiss the case or convert the case . . . or appoint a Chapter 11 Trustee," whichever course of action is in the best interest of creditors and the estate); *In re Landmark Atl. Hess Farm, LLC*, 448 B.R. 707, 711 (Bankr. D. Md. 2011).

Furthermore, "cause" has now been expressly defined under the post-BAPCPA provisions of the Bankruptcy Code, to include, among other things: "(F) unexcused failure to satisfy timely any filing or reporting requirement established by this title or by any rule applicable to a case under

---

[1] The post-confirmation report for the second quarter of 2026 will come due on July 21, 2026.

this chapter"; and "(K) failure to pay any fees or charges required under chapter 123 of title 28." 11 U.S.C. §§ 1112(b)(4)(F) and (K).

Pursuant to Section 1930(a)(6) of title 28, United States Code, the Debtors are required to pay the United States Trustee a quarterly fee "until the case is converted or dismissed, whichever occurs first." This fee is determined under a sliding scale based upon quarterly disbursements. The "term 'disbursements' includes payments made by a reorganized debtor during the post-confirmation period." *In re Celebrity Home Entertainment, Inc.*, 210 F.3d 995, 997 (9th Cir. 2000); *see also In re Barbetta, LLC*, No. 11-04370-8-SWH, 2014 WL 3638853 (Bankr. E.D.N.C. July 23, 2014), at *3; *In re Quality Truck & Diesel Injection Service, Inc.*, 251 B.R. 682, 683 (S.D.W.Va. 2000); *In re Sgaverdea*, 377 B.R. 308, 310 (Bankr. D.N.M. 2007); and *In re A.H. Robins Co., Inc.*, 219 B.R. 145, 151 (Bankr. E.D. Va. 1998).

The debtor in possession is required to file all postpetition financial and other reports required by the Federal Rules of Bankruptcy Procedure or local rules of the court pursuant to 11 U.S.C. § 1116(4). Pursuant to Fed. Rule. Bankr. Proc. 2015(a)(3), (5) and (6), the debtor in possession has a duty to file monthly reports as to the fees which have been paid and any disbursements along with those reports and summaries required under 11 U.S.C. § 704(a)(8). The debtor in possession also has a duty to file periodic financial and other reports regarding its business pursuant to 11 U.S.C. § 308.

Lastly, in accordance with 28 CFR §§ 58.8(f) and (g), and pursuant to the Chapter 11 Plan filed on March 18, 2025 at Docket No. 96, and the confirmation order entered by this Court on September 29, 2025 at Docket No. 112, the Debtor has an obligation to file quarterly reports for all post-confirmation disbursements no later than the 21st day following the last day of the reporting quarter. This obligation remains in place until (a) the date of the final decree, (2) the case is

converted to a case under another chapter or (c) the case is dismissed. Failure to file these reports is grounds for dismissal of the case under 11 U.S.C. § 1112(b)(4)(F). In the instant case, the Debtor has failed to file post-confirmation quarterly reports for the fourth quarter of 2025 and the first quarter of 2026, which constitutes grounds for dismissal.

The Debtor has failed to pay the full amount of the quarterly fees due in this case. Specifically, the Debtor currently owes estimated quarterly chapter 11 fees totaling $1,500.00. These fees could be greater depending upon the disbursements to be reported in the missing post confirmation reports mentioned above.  Failure to pay these fees in a timely and accurate manner constitutes cause to dismiss the case.

As the U.S. Trustee has established a *prima facie* case that "cause" exists to dismiss this case, the burden shifts to the Debtor to demonstrate that "unusual circumstances" exist that establish that converting or dismissing the case is not in the best interests of creditors and the estate to avoid the mandatory conversion or dismissal of their case. *See* 11 U.S.C. § 1112(b)(2). The U.S. Trustee is unaware of any unusual circumstances that would result in a finding that dismissal of this case in not in the best interest of creditors and the estate.

WHEREFORE, the United States Trustee respectfully requests that this Court enter an order dismissing this case.

Dated: July 14, 2026

Matthew W. Cheney
Acting United States Trustee, Region 4

*/s/ Katharine I. Toledo*
Katharine I. Toledo, D.C. Bar No. 90027591
Trial Attorney
Office of United States Trustee
1725 Duke Street, Suite 650
Alexandria, VA 22314
(202) 603-5203 (Office Cell)
Email: katharine.i.toledo@usdoj.gov

4

**Certificate of Service**

I hereby certify that on July 14, 2026, I electronically filed the foregoing Motion to Dismiss with the Clerk of the Court and served it via the Court's CM/ECF system upon all counsel who have entered an appearance in the case:

Kristen E Burgers kburgers@hirschlerlaw.com, ndysart@hirschlerlaw.com

Kristen S. Eustis Kristen.S.Eustis@usdoj.gov, Robert.W.Ours@usdoj.gov

Sara Kathryn Jackson sara.kathryn.jackson@usdoj.gov, Robert.W.Ours@usdoj.gov

Katharine Toledo katharine.i.toledo@usdoj.gov, Robert.W.Ours@usdoj.gov

U. S. Trustee for Region Four USTPRegion04.DC.ECF@USDOJ.GOV

Maurice Belmont VerStandig mac@mbvesq.com, lisa@mbvesq.com;mac@dcbankruptcy.com; verstandig.mauricer104982@notify.bestcase.com;verstandiglaw@recap.email

I further certify that on July 14, 2026, a copy of the foregoing Motion was served by first class mail, postage prepaid to the Debtor and Debtor's List of Creditors who have the 20 Largest Unsecured Claims, as listed below:

| | |
|---|---|
| 315 West REAR St LLC<br>712 H Street NE #849<br>Washington, DC 20002 | PHL Trust<br>10000 SW 231st Lane<br>Miami, FL 33190 |
| Thelan, Inc.<br>P.O. Box 77304<br>Washington, DC 20013 | Nuevas Ideas Utilities, LLC<br>1921 East West Highway, Apt. 204<br>Silver Spring, MD 20910 |
| EKM Law PLLC<br>2 Massachusetts Avenue, NE #76607<br>Washington, DC 20013 | Zurich in North America<br>1299 Zurich Way<br>Schaumburg, IL 60196 |
| DC Office of Tax and Revenue<br>P.O. Box 96165<br>Washington, DC 20090-6165 | Internal Revenue Service<br>Centralized Insolvency Operations<br>Post Office Box 7346<br>Philadelphia, PA 19101 |

*/s/ Robert W. Ours*
Robert W. Ours
Paralegal Specialist

5